UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; LM GENERAL INSURANCE COMPANY; LM INSURANCE CORPORATION; and SAFECO INSURANCE COMPANY OF ILLINOIS, | Hon. Stephanie Dawkins Davis United States District Judge |
| Plaintiffs, | |
| v. | C.A. No. 19-cv-12648-SDD-RSW |
| RELIEF PHYSICAL THERAPY & REHAB, INC. d/b/a RELIEF REHAB; WESTBORN PHYSICAL THERAPY, LLC; FIRST STEP REHAB, INC.; FIVE STAR COMFORT CARE LLC; STEVE'S MEDICAL SUPPLY, INC.; CITY 2 CITY TRANSPORTATION, LLC; STEVEN AWADA; JOSEPH AWADA; IMAD AWADA; ALI MERHI; and MOHAMED CHEIKH, | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO HOLD
DEFENDANTS RELIEF PHYSICAL THERAPY & REHAB, INC., FIRST
STEP REHAB, INC., FIVE STAR COMFORT CARE, LLC, CITY 2 CITY
TRANSPORTATION, LLC, JOSEPH AWADA, IMAD AWADA, ALI
MERHI, AND MOHAMED CHEIKH IN CONTEMPT AND FOR
SANCTIONS**

# **TABLE OF CONTENTS**

Table of Contents ................................................................ i

Issues Presented ................................................................ ii

Statement of Controlling/Most Appropriate Authorities ...................... iii

Table of Authorities .......................................................... iv

Brief in Support .............................................................. 1

   I.    Introduction ............................................... 1

   II.   Relevant Background ........................................ 2

   III.  Discussion ................................................. 5

        A.   Standard of Review ...................................... 5

        B.   The Defendants Have Knowingly Violated Three Clear and Unambiguous Orders of This Court ................................. 6

        C.   Substantial Sanctions, Including the Entry of Default Judgment Against the Defendants, Are Appropriate in Light of the Repeated, Willful Violations of This Court's Orders ...................... 9

   IV.  Conclusion ................................................ 15

## <u>ISSUES PRESENTED</u>

1. Should the defendants be held in contempt for violating three (3) separate Orders of this Court?

   Liberty Mutual answers:  Yes

   Defendants answer: No

2. Should the defendants be sanctioned, including by the entry of default judgment against them, as a result of their repeated violations of this Court's Orders?

   Liberty Mutual answers:  Yes

   Defendants answer:  No

## <u>STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITIES</u>

<u>New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp.</u>,
577 B.R. 690 (W.D. Mich. 2017)

<u>Annabel v. Erichsen,</u>
2019 U.S. Dist. LEXIS 68626 (E.D. Mich. March 15, 2019)

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

<u>Annabel v. Erichsen,</u>
2019 U.S. Dist. LEXIS 68626 (E.D. Mich. March 15, 2019) ...................8, 9, 13, 14

<u>Bank One of Cleveland, N.A. v. Abbe,</u>
916 F.2d 1067 (6th Cir. 1990) ......................................................................9

<u>Berry v. Ocwen Loan Servicing,</u>
2020 U.S. Dist. LEXIS 40353 (W.D. Tenn. Mar. 9, 2020)....................................13

<u>Elec. Workers Pension Trust Fund of Local Union No. 58, IBEW v. Gary's Elec.</u>
<u>Service Co.</u>, 340 F.3d 373 (6th Cir. 2003)....................................................5

<u>Grange Mut. Gas. Co. v. Mack,</u>
270 Fed. Appx. 372 (6th Cir. 2008)...........................................................8

<u>Laues-Gholston v. Mercedes-Benz Fin. Servs. USA, LLC,</u>
2014 U.S. Dist. LEXIS 184021 (E.D. Mich. Nov. 28, 2014)..................................14

<u>M&C Corp. v. Erwin Behr GmbH & Co.,</u>
289 Fed. Appx. 927 (6th Cir. 2008)...........................................................5

<u>New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp.),</u>
577 B.R. 690 (W.D. Mich. 2017) ..............................................................5

<u>Rolex Watch U.S.A. v. Crowley,</u>
74 F.3d 716 (6th Cir. 1996) ....................................................................5

<u>Stooksbury v. Ross,</u>
528 Fed. Appx. 547 (6th Cir. 2013)...........................................................9

<u>United States v. Reves,</u>
307 F.3d 451 (6th Cir. 2002) ..................................................................9

<u>Williams v. Goldman, Price & Assocs, LLC,</u>
2013 U.S. Dist. LEXIS 164402 (E.D. Mich. Sept. 30, 2013)..................................5

## <u>RULES</u>

Fed. R. Civ. P. 37(b)(2) ...........................................................................14

Plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, and Safeco Insurance Company of Illinois (collectively, "Liberty Mutual") hereby submit the within brief in support of their motion for an order holding defendants Relief Physical Therapy & Rehab, Inc. ("Relief Rehab"), First Step Rehab, Inc. ("First Step"), Five Star Comfort Care, LLC ("Five Star"), City 2 City Transportation, LLC ("City 2 City"), Joseph Awada, Imad Awada, Ali Merhi, and Mohamed Cheikh (collectively, the "defendants") in contempt for violating several Court Orders and for sanctions, including the entry of default judgment.

## I. <u>INTRODUCTION</u>

The defendants have now violated three (3) separate Orders of this Court to produce documents and information responsive to discovery requests served by Liberty Mutual almost six (6) months ago. In each instance, the Order was clear and unambiguous, and there is no dispute that the Order was violated. After violating the Court's first two Orders, and after Liberty Mutual filed a motion to compel discovery responses, the defendants were given one final chance to respond fully to Liberty Mutual's discovery requests. Despite this opportunity, the defendants have again refused to produce discovery responses and documents and have again directly violated this Court's express Order. For this reason, and as further addressed herein,

the defendants must be held in contempt and sanctions, including the entry of default judgment, must issue against them.

## II.   <u>RELEVANT BACKGROUND</u>

On April 8, 2020, Liberty Mutual served requests for production of documents and interrogatories (collectively, the "discovery requests") on each of the defendants.[1]  After the defendants failed to serve any responses to those discovery requests within the time allowed under the Federal Rules of Civil Procedure, they asked for and Liberty Mutual assented to an extension of the time to do so.  On May 12, 2020, a Stipulated Order was entered providing that the defendants "shall respond to Plaintiffs' written discovery and produce responsive documents on or before June 1, 2020."  *See* ECF No. 95.

Despite this clear Order, and the defendants' agreement to it, they again failed to respond at all to Liberty Mutual's discovery requests by the deadline set by the Court.  Consequently, at Liberty Mutual's request, this Court conducted a discovery conference on June 12, 2020 to discuss the defendants' failures.  At that conference, the defendants once again expressly agreed to take specific steps to remedy their failures to respond to discovery.  *See* Docket Entry dated June 12, 2020, attached

---

[1] The discovery requests were previously filed as exhibits to Liberty Mutual's motion to compel.  *See* ECF No. 104.  Because this motion is not directed to deficiencies with respect to the defendants' responses to specific requests – since this Court has already found that the defendants' responses are deficient (*ECF No. 112*) – they are not attached again here.

hereto at Exhibit A.  On June 15, 2020, the parties filed another Stipulated Order, this time mandating that the defendants "shall respond to Plaintiffs' written discovery and produce responsive documents on or before June 26, 2020." *See* ECF No. 100.

Again, the defendants failed to comply with the June 15 Order, serving only substantially incomplete interrogatory answers by the June 26, 2020 deadline, failing to provide any responses to Liberty Mutual's document requests, and producing no documents at all.  As a result, on July 2, 2020, Liberty Mutual filed a motion to compel discovery responses ("motion to compel").  *See* ECF No. 104.  The defendants did not file an opposition to this motion to compel.  On August 11, 2020, the Court conducted a hearing on the motion to compel.  At that hearing, the Honorable Magistrate Judge Whalen found that the defendants had not satisfied their discovery obligations or produced documents to which Liberty Mutual is entitled, stating:

> they have to get the information of everything that has been requested. And I think the requests, I have looked at them, are pretty unambiguous in terms of what's being requested. . . . I'm frustrated at the state of discovery, in this case, as I'm sure that Judge Davis is as well. . . . I see no reason to not GRANT the Motion.

*See* Exhibit B, pp. 16-17 (capitalization in original).  The Court also held that "any objections other than objections based on privilege . . . are waived," and ordered

"responses and supplemental responses from both sets of defendants[2] to all outstanding discovery requests that are part of this motion within 30 days of today's date." Id., p. 17.  On the same date, August 11, 2020, the Court issued a written Order granting the motion to compel.  That Order states:

> All defendants will serve responses to Plaintiffs' discovery requests that are raised in this motion within 30 days of the date of this Order.
>
> Defendants' failure to comply with this discovery Order may result in sanctions, which may include monetary sanctions and/or entry of a default judgment.

See ECF No. 112.

Despite the Court's clear and unambiguous Order requiring discovery responses and document production from the defendants by September 10, 2020, the defendants have not served a single supplemental discovery response, produced a single additional document responsive to Liberty Mutual's requests, or given Liberty Mutual any indication that they ever intend to do so.  The defendants have literally done nothing since the Court issued its Order over a month ago.  Given the defendants' repeated violations of clear and explicit Court Orders, the Court's most recent Order expressly admonishing and warning the defendants that they may be

---

[2] At the time of the hearing, Westborn Physical Therapy, LLC, Steve's Medical Supply, Inc., and Steven Awada were defendants in this action.  Liberty Mutual's claims against those defendants have since been settled in principle (with a stipulated order of dismissal forthcoming), and the instant motion does not involve this set of defendants.

subjected to sanctions (including entry of default judgment) for failing to comply, and the fact that Liberty Mutual is severely prejudiced by the defendants' nearly six months of obstruction because it cannot proceed with additional discovery or the preparation of its case for trial as a result, the defendants must be found in contempt and sanctions, including the entry of default judgment, must enter against them.

## II.   DISCUSSION

### A.   STANDARD OF REVIEW

In filing a motion to find a party in contempt, "the movant must produce clear and convincing evidence that the party 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp., 577 B.R. 690, 709 (W.D. Mich. 2017), quoting Elec. Workers Pension Trust Fund of Local Union No. 58, IBEW v. Gary's Elec. Service Co., 340 F.3d 373, 379 (6th Cir. 2003).   "The evidence must be clear and unambiguous, and any ambiguities must be resolved in favor of the party charged with contempt." Id., citing M&C Corp. v. Erwin Behr GmbH & Co., 289 Fed. Appx. 927, 935-936 (6th Cir. 2008).   However, "where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply." Williams v. Goldman, Price & Assocs., LLC, 2013 U.S. Dist. LEXIS 164402, *4 (E.D. Mich. Sept. 30, 2013).   To satisfy this burden, "a defendant must show

categorically and in detail why he or she is unable to comply with the court's order."

Rolex Watch U.S.A. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996).

**B.    THE DEFENDANTS HAVE KNOWINGLY VIOLATED THREE CLEAR AND UNAMBIGUOUS ORDERS OF THIS COURT**

There can be no dispute that the defendants have knowingly violated clear, specific, and unambiguous Court Orders on three (3) separate occasions. They first violated the May 12, 2020 Stipulated Order that the defendants "shall respond to Plaintiffs' written discovery and produce responsive documents on or before June 1, 2020" *(ECF No. 95)*, failing to provide any written responses to Liberty Mutual's discovery requests or to produce any documents by that date. That Order was not remotely ambiguous and, as a Stipulated Order agreed to by the defendants, there is no question the defendants were aware of the Order and understood their obligations thereunder.

The defendants next violated this Court's Orders by failing to comply with the June 15, 2020 Stipulated Order that the defendants "shall respond to Plaintiffs' written discovery and produce responsive documents on or before June 26, 2020." *See* ECF No. 100. This time, the defendants failed entirely to respond to Liberty Mutual's requests for production and again failed to produce a single document. *See* ECF No. 104 (discussing each of the specific failures to respond and inadequacies in the defendants' responses). Again, there is no possible argument that the Order

6

was unclear or that the defendants did not understand their obligations, as the defendants stipulated to the terms of the Order.

Finally, the defendants have now violated the Court's August 11, 2020 Order that they "serve responses to Plaintiffs' discovery requests that are raised in [Liberty Mutual's motion to compel] within 30 days of the date of this Order" (*ECF No. 112*), by failing to serve any supplemental response at all or produce any additional documents whatsoever.  Again, there is no doubt that the defendants were aware of the Order, as defense counsel participated in the hearing on the motion to compel during which the Court communicated the same Order in open court, and also advised counsel that a written Order would issue.  *See* Exhibit B, pp. 17-18.  As with the prior Orders, this Order is clear and unambiguous, requiring the defendants to serve responses to each of the inadequate discovery requests addressed in Liberty Mutual's motion to compel.

The defendants cannot reasonably dispute that they have knowingly violated multiple court Orders, and they cannot possibly satisfy their burden of demonstrating that they were unable to comply with the Orders.  The defendants have had more than five (5) months from the time discovery was served and more than five (5) weeks from the deadline imposed by the August 11 Order to serve responses and document production.  On multiple occasions prior to the entry of the several Orders discussed above, the defendants represented that their new deadlines for responding

to Liberty Mutual's discovery afforded them sufficient time to provide complete responses, and on no occasion did the defendants ever indicate that they did not know what was expected of them.  During the August 11, 2020 hearing on Liberty Mutual's motion to compel, the defendants never objected that the additional thirty (30) days granted them by the Court was insufficient, or that they did not know what additional discovery responses were required to comply with the Court's Order.  *See* Exhibit B.  Moreover, the Court expressly found that Liberty Mutual's discovery requests were "unambiguous."  Id., p. 16.

Moreover, even if almost six (6) months somehow was not sufficient time to gather all of the documents and information sought by Liberty Mutual's discovery, the defendants certainly could have provided *some* additional responses during the last thirty (30) days, such as easily obtainable contact information for their current and former employees, or even a single Form 1099 or other support document for a single tax return from a single defendant.  The only possible conclusion from the fact that the defendants have provided *no* additional discovery responses or production is that they knowingly and willfully refuse to comply with this Court's Orders.

**C.**     **Substantial Sanctions, Including the Entry of Default Judgment Against the Defendants, Are Appropriate in Light of the Repeated, Willful Violations of This Court's Orders**

Given the repeated, knowing, and intentional violations of this Court's Orders, this Court must impose strong sanctions, including the entry of default judgment, against the defendants.  This Court has held that "[a]mong the variety of discovery sanctions available in a district court's 'arsenal,' the entry of a default judgment against a defendant or an Order of dismissal against a plaintiff are the court's 'strongest weapon[s].'"  Annabel v. Erichsen, 2019 U.S. Dist. LEXIS 68626, *2 (E.D. Mich. March 15, 2019), quoting Grange Mut. Gas. Co. v. Mack, 270 Fed. Appx. 372, 376 (6th Cir. 2008).  "[T]he district court does not abuse its discretion in entering a default judgment where a 'party has the ability to comply with a discovery Order and does not.'"  Id. at *4, quoting Stooksbury v. Ross, 528 Fed. Appx. 547, 552 (6th Cir. 2013).

"A court must consider four factors when determining whether a plaintiff's complaint should be dismissed pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  Id., citing Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073

(6th Cir. 1990).  "Although no one factor is dispositive, dismissal or default judgment is proper if the record demonstrates delay or contumacious conduct." Id., citing United States v. Reves, 307 F.3d 451, 458 (6th Cir. 2002).

Applying these factors to this case, the facts mandate entry of default judgment against the defendants.  First, as discussed above, the only possible conclusion from the defendants' history of repeatedly ignoring this Court's Orders is that their actions are willful, intentional, and done in bad faith.  On each occasion, after violating one of the Court's Orders, the defendants sought additional time to respond to discovery requests, representing to both Liberty Mutual and this Court that the additional time will be sufficient for the defendants to respond fully.[3]  Each time, the defendants have again failed utterly to comply with their obligations.

Most recently, despite the Court's Order that the defendants must supplement and produce all responsive information and documents without objection (except attorney-client privilege) by September 10, 2020, the defendants produced not a single responsive document or supplemental discovery response.  Where they could have demonstrated a good faith effort to comply with the Order by providing easily producible information like employee addresses, documents used to prepare tax

---

[3] Liberty Mutual does not intend to suggest that defense counsel is intentionally refusing to comply with the Court's orders.  As the Court noted at the August 11, 2020 hearing on Liberty Mutual's motion to compel, "I think what we have here is a client control issue. I think we have clients [who are unwilling to comply with their obligations]." See Exhibit B, p. 16.

returns for even one year, or even a single email or text message, the defendants

instead chose to do nothing.

Second, there can be no question that Liberty Mutual has been severely

prejudiced by the defendants' failure to respond to discovery.  This issue was

addressed at the August 11, 2020 hearing.  As counsel explained then:

> [w]e don't have things like patient sign-in sheets, that's also important.
> Liberty Mutual alleges: "Billing for services not rendered." The
> patients didn't get the treatment for which my client's been billed
> millions of dollars and we're simply missing everything and we're a
> full third into discovery.  We have no documents we can give our
> experts.  We have no documents that third-party discovery tell us
> should exist.  Like, for example, Your Honor, we do have some checks
> that we subpoenaed from banks.  These say things in the memo lines
> like, "Contracted Services."  We don't have any contracts.  We've asked
> even for identification of who the employees and contractors are for
> these defendant clinics, they won't give us that information.  That's
> important.  We need to know who to notice for a deposition.

*See* Exhibit B, pp. 5-6.  Indeed, the Court acknowledged the prejudice to Liberty

Mutual in discussing the defendants' failure to produce tax-related documents,

noting that "[Liberty Mutual's counsel] wouldn't know what kind of deductions

she's looking for because she doesn't have the returns."  Id., p. 12.

Moreover, even when the defendants have produced some documents, their

failure to produce all of the responsive documents requested by Liberty Mutual

significantly harms Liberty Mutual's ability to move ahead with the preparation of

its case.  For example, some of the defendants have produced tax returns for certain

years requested by Liberty Mutual, but in no instance have they produced any

documents that were used to prepare those returns.  Defendant Relief Rehab, for example, produced a 2017 federal tax return, but not a single supporting document, including no documents to evidence or support hundreds of thousands of dollars of claimed deductions for "outside services," "independent contractors," "marketing," and "adjustment fees" that are claimed on the return.[4]  Among other things, Liberty Mutual's Amended Complaint alleges that the defendants illegally paid kickbacks and referral fees to patients and to marketers/solicitors.  These unproduced documents are directly relevant to Liberty Mutual's claims of improper payments by Relief Rehab, and will allow Liberty Mutual to identify third party witnesses from whom it should pursue discovery to support its case.

Other evidence obtained by Liberty Mutual from third parties confirms these kickback allegations, and that Liberty Mutual's discovery to the defendants seeks clearly relevant information and documents.  As one example, the defendants' bank records obtained by Liberty Mutual via a third-party bank subpoena evidence the defendants' payment of rent for patients as a kickback.  *See, e.g.,* Exhibit C (defendants Joseph Awada and Mohamed Cheikh paying rent for Liberty Mutual insured N.T., Claim No. 942135536002, who is expressly discussed in the Amended Complaint, *see, e.g.,* ECF No. 12, ¶¶ 207-209, 378-382, 403-406, 409, 436-437).  In

---

[4] Relief Rehab's tax return is not appended as an exhibit as it contains protected information such as Relief Rehab's Employer Identification Number, but Liberty Mutual can provide it for *in-camera* inspection by the Court if requested.

short, the defendants' failure to respond to Liberty Mutual's discovery makes it impossible for Liberty Mutual to move forward with the depositions and third-party discovery it needs to support its claims and prepare for trial.

Additional factors warrant the requested sanctions. For example, the Court's August 11, 2020 Order explicitly warned the defendants that they would be subject to sanctions "which may include monetary sanctions and/or entry of a default judgment" if they did not comply with that Order. *See* ECF No. 112. As such, the defendants had full notice of the potential sanctions against them if they continued their pattern of obstruction. Moreover, the Court has repeatedly sought to convince the defendants to comply with their discovery obligations by repeatedly granting additional time to comply with Liberty Mutual's discovery requests and emphasizing that defense counsel must "impress upon your clients they're going to have to produce this stuff and they're going to have to put the time in to locate this stuff" and to "please inform your client of that, that The Court is losing its patience." *See* Exhibit B, pp. 17-18.

None of these efforts have proven successful, and the threat of monetary sanctions has done nothing to induce the defendants to comply with this Court's Orders. For all of these reasons, the Court must find that the defendants are in contempt of the Court's unambiguous Orders and enter default judgment against them as sanctions for their conduct. Indeed, such an order is both warranted by the

facts or this case and consistent with numerous other similar cases, including a recent decision by this Court. *See, e.g.,* <u>Annabel</u>, 2019 U.S. Dist. LEXIS 68626 at *8 -*11 (E.D. Mich. March 15, 2019) (in which this Court recommended entry of default judgment where the defendant disregarded multiple court orders and failed to provide the plaintiff with revised discovery responses as ordered, and noting that the Court "has little trouble concluding that [the defendant's] behavior in this case is due to willfulness or bad faith and amounts to contumacious conduct as defined by the Sixth Circuit"); <u>Berry v. Ocwen Loan Servicing</u>, 2020 U.S. Dist. LEXIS 40353, *3- *5 (W.D. Tenn. Mar. 9, 2020) (entering case-terminating sanctions against a litigant who failed to produce documents in response to discovery requests six (6) months after such requests were served, and finding that warnings of dismissal and award of costs were ineffective at correcting the litigant's conduct); <u>Laues-Gholston v. Mercedes-Benz Fin. Servs. USA, LLC</u>, 2014 U.S. Dist. LEXIS 184021 (E.D. Mich. Nov. 28, 2014) (case-terminating sanctions entered as a result of discovery violations even though the litigant was pro se, because his conduct was obstructionist and in bad faith).

In addition, the Court should impose significant monetary sanctions against the defendants, including awarding Liberty Mutual its costs and attorney's fees incurred as a result of its ongoing efforts to obtain the discovery to which it is indisputably entitled pursuant to Fed. R. Civ. P. 37(b)(2). *See* <u>Annabel</u>, 2019 U.S.

Dist. LEXIS 68626 at *3 - *4 ("[a] court may also, in addition to or as an alternative to [the entry of default judgment] direct 'the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure' to comply with the court Order"), quoting Fed. R. Civ. P. 37(b)(2)(C).

## III.   **CONCLUSION**

Liberty Mutual has made every reasonable effort to obtain the discovery to which it is entitled (including two stipulations extending response time for months), and this Court has repeatedly offered the defendants the opportunity to respond to Liberty Mutual's discovery and to produce documents.  Rather than comply, the defendants have ignored and violated each of the Court's Orders, seriously prejudicing Liberty Mutual thereby.  For these reasons, this Court must find the defendants are in contempt of court and must enter sanctions, including the entry of default judgment, against the defendants.

[SIGNATURE PAGE FOLLOWS]

Respectfully Submitted,

SMITH & BRINK

*/s/ Jacquelyn A. McEttrick*

_____
Nathan A. Tilden (P76969)
ntilden@smithbrink.com
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
Andrew H. DeNinno
adeninno@smithbrink.com
350 Granite Street, Suite 2204
Braintree, MA  02184
617-770-2214 (phone)

38777 Six Mile Road, Suite 314
Livonia, MI  48152

*Attorneys for Plaintiffs*

Dated:  September 16, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Jacquelyn A. McEttrick, counsel for plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, and Safeco Insurance Company of Illinois, hereby certify that on September 16, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

SMITH & BRINK

*/s/ Jacquelyn A. McEttrick*

_____

Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
350 Granite St., Suite 2204
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000