UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; LM GENERAL INSURANCE COMPANY; LM INSURANCE CORPORATION; and SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>RELIEF PHYSICAL THERAPY & REHAB, INC. d/b/a RELIEF REHAB; WESTBORN PHYSICAL THERAPY, LLC; FIRST STEP REHAB, INC.; FIVE STAR COMFORT CARE LLC; STEVE'S MEDICAL SUPPLY, INC.; CITY 2 CITY TRANSPORTATION, LLC; STEVEN AWADA; JOSEPH AWADA; IMAD AWADA; ALI MERHI; and MOHAMED CHEIKH,<br><br>Defendants. | Hon. R. Steven Whalen<br>United States Magistrate Judge<br><br>C.A. No. 19-cv-12648-SDD-RSW |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO HOLD DEFENDANTS RELIEF PHYSICAL THERAPY & REHAB, INC., FIRST STEP REHAB, INC., FIVE STAR COMFORT CARE, LLC, CITY 2 CITY TRANSPORTATION, LLC, JOSEPH AWADA, IMAD AWADA, ALI MERHI, AND MOHAMED CHEIKH IN CONTEMPT AND FOR SANCTIONS**

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

Reply Brief ......................................................................................................... 1

    I.     Introduction ........................................................................................ 1

    II.    The Defendants' Lies to the Court and Intentional Failure to Comply with the Court's Orders ..................................................................... 3

    III.   The Defendants Do Not Dispute That Their Actions Have Severely Prejudiced Liberty Mutual ................................................................. 5

    IV.   Conclusion ......................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**

Bank One of Cleveland, N.A. v. Abbe,
916 F.2d 1067 (6th Cir. 1990) ..................................................................................6

DiLuzio v. Vill. of Yorkville,
2016 U.S. Dist. LEXIS 177376 (S.D. Ohio Dec. 22, 2016)......................................6

ECIMOS, LLC v. Nortek Global HVAC, LLC,
736 Fed. Appx. 577 (6th Cir. 2018).........................................................................6

Plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, and Safeco Insurance Company of Illinois (collectively, "Liberty Mutual") hereby submit the within reply brief in support of their motion for an order holding defendants Relief Physical Therapy & Rehab, Inc. ("Relief Rehab"), First Step Rehab, Inc. ("First Step"), Five Star Comfort Care, LLC, City 2 City Transportation, LLC, Joseph Awada, Imad Awada, Ali Merhi, and Mohamed Cheikh (collectively, the "defendants") in contempt for violating several Court Orders and for sanctions, including entry of default judgment (*ECF No. 115*).

## I.    **INTRODUCTION**

The defendants' response to Liberty Mutual's motion for a contempt order is remarkable for its casual admission that they have violated this Court's May 12, 2020 Order (*ECF No. 95*), June 15, 2020 Order (*ECF No. 100*), and August 11, 2020 Order (*ECF No. 112*) to respond fully to Liberty Mutual's discovery requests and produce documents without objection. The defendants also concede that nearly a month after the Court's most recent deadline of September 10, 2020 – a deadline the Court set with the specific admonition to the defendants that failure to comply "<u>may result in sanctions, which may include monetary sanctions and/or entry of a default judgment</u>" (*ECF No. 112,* emphasis added) – they still have not provided Liberty Mutual with a single additional document or written response to its discovery requests. It has now been six (6) months since Liberty Mutual served its discovery

1

requests and there is no indication the defendants intend to adhere to their obligation to respond in good faith (or at all).

The defendants' response is even more astounding for the audacious story about why they have willfully violated three separate Court Orders. The defendants attempt to garner leniency from the Court with baseless (and mutually exclusive) excuses that: (1) they could not answer discovery or review and produce documents in the six months since Liberty Mutual served its requests due to the COVID-19 pandemic, and (2) notwithstanding the COVID-19 pandemic, the defendants were traveling outside the country for two months and therefore could not comply with this Court's multiple Orders.[1] Even if taken at face value (which they should not be), neither of these excuses remotely justifies the contempt the defendants have repeatedly shown this Court. Moreover, the excuses are an obvious lie, as the defendants have had no trouble engaging in litigation in dozens of cases during the pandemic and over the past two months when it has suited their interests (i.e., when they are seeking to force insurance companies to pay them), as detailed below. There

---

[1] The defendants' response also seems to suggest that they should not be expected to comply with either the discovery rules or the Court's Orders based solely on their counsel's *ipse dixit* that Liberty Mutual's claims lack merit. The defendants had their opportunity, as all litigants do, to challenge the sufficiency of Liberty Mutual's Complaint before discovery opened, and they did not do so. The defendants cannot now be permitted to avoid Liberty Mutual's duly-served discovery requests based on bald (and flatly wrong) assertions about the pleadings, particularly as this Court has ordered them three (3) separate times to respond.

is no question the defendants could have complied with the Court's Orders and their failure to do so is both intentional and willful. When litigants repeatedly and intentionally ignore their obligations and Court Orders, the only appropriate response is the imposition of sanctions, including the entry of default judgment.

**II.     THE DEFENDANTS' LIES TO THE COURT AND INTENTIONAL FAILURE TO COMPLY WITH THE COURT'S ORDERS**

The defendants' claim that they have been unable to participate in discovery due to COVID-19 is demonstrably false. Since the beginning of April, when Liberty Mutual served its discovery requests in this case, the defendants have initiated at least fifteen (15) lawsuits in Michigan state courts against auto insurers. *See* Exhibit A (listing currently pending state court litigation involving one or more of the defendants and the date each such case was filed). The defendants are currently plaintiffs in at least 64 active state court cases in which filings have been made in 2020. Id. The defendants (often through their same counsel as in this case) have made dozens of filings during the pandemic and specifically during the past two months, including responding to discovery served by insurers. For example, in the case Relief Physical Therapy & Rehab Inc. et al. v. Nationwide Insurance Company, 2020-001168-NF (Macomb Cty. Cir. Ct. 2020), defendant Relief Rehab filed responses to requests for admission on August 28, 2020 (which had been served on August 14, 2020), which was after this Court's most recent Order directing Relief Rehab to participate in discovery in the instant case and during the time the

3

defendants claim to have been out of the country. *See* Exhibit B. The defendants are able to participate in litigation, including answering discovery, when doing so is to their financial benefit. This behavior also confirms that nothing actually prevented the defendants from responding to Liberty Mutual's discovery requests in the last six months except the desire to avoid the consequences of their fraud.

The defendants' second excuse – that they could not answer discovery because they have been traveling outside the country for two months (*see ECF No. 117, PageID 3838*) – also cannot be believed.[2] This Court conducted a hearing on the defendants' failure to participate in discovery less than two (2) months ago on August 11, 2020, and not a word was spoken of the defendants' purported international travel or the impact it would have on this litigation. *See* ECF No. 114. Counsel for the defendants also never advised Liberty Mutual that the defendants were out of the country nor sought an extension of their deadline. None of the defendants have provided an affidavit or any other evidence to validate their claims

---

[2] The defendants do not provide any explanation as to which defendants were out of the country and when, as to do so would undoubtedly result in Liberty Mutual developing evidence that the excuse is a fabrication. The story that the four (4) individual defendants all simultaneously left the country for an extended months-long sojourn in the middle of a global pandemic and in the middle of serious litigation after having already been ordered <u>thrice</u> to comply with discovery is highly suspicious on its own. That the individual defendants' physical absence resulted in an inability of the four (4) entity defendants to engage in any discovery is nonsensical. Each of these defendant entities has employees, accountants, counsel, and other representatives who easily could have marshaled documents and information to attempt to comply with this Court's Orders.

they were out of the country or the dates of that travel.³ Most if not all of the documents the defendants have failed to produce in the six (6) months since Liberty Mutual served its discovery requests, including emails, text messages, and other communications, are electronic and could have been collected and produced from any location in the world. Yet, not a single one of the defendants has ever served a single email or text message at all in this case. The defendants have literally done nothing to comply with the Court's Orders.

In sum, there is no reason to believe the defendants were actually traveling or out of the country. Even if some of the defendants actually were traveling, they have not explained why such travel foreclosed them from producing a single document or supplemental response (including documents like emails and text messages that are necessarily electronically stored and available anywhere in the world). Nor is there any reason to believe that this latest violation of Court Orders is anything but a continuation of the defendants' intentional refusal to participate in this litigation.

### III. THE DEFENDANTS DO NOT DISPUTE THAT THEIR ACTIONS HAVE SEVERELY PREJUDICED LIBERTY MUTUAL

The defendants make no attempt to dispute that their conduct has severely prejudiced Liberty Mutual's ability to complete the discovery necessary to prosecute

---

³ At least one of the defendants – Imad ("Phil") Awada – has made repeated posts on social media evidencing that he has been in Michigan for the past two (2) months, including photographs of his progress renovating a boxing gym and advertisements for defendant First Step. *See* Exhibit C.

5

its claims and to prepare its case for trial. That prejudice was addressed in Liberty Mutual's motion for contempt (*ECF No. 115, PageID 3801-3803*) and by undersigned counsel at the August 11, 2020 hearing on Liberty Mutual's previous motion to compel (*ECF 114, PageID 3767-3768*), and was acknowledged by the Court in discussing the defendants' failure to produce documents (*see, e.g., ECF 114, PageID 3774*). The period for fact discovery in this case is now more than half over and the defendants' failure to respond to Liberty Mutual's discovery makes it impossible for Liberty Mutual to move forward with the expert reviews, depositions, and third-party discovery it needs in order to properly prepare for trial.[4] The defendants concede *sub silentio* that this is so, yet they continue to make no effort at all to comply with the Court's Orders. "If a party refuses to comply with discovery repeatedly, such conduct is indicative of 'willfulness, bad faith, or fault.'" DiLuzio v. Vill. of Yorkville, 2016 U.S. Dist. LEXIS 177376, *74-*75 (S.D. Ohio Dec. 22, 2016), quoting and citing Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1079 (6th Cir. 1990). The Court must not tolerate such intentional and bad faith conduct as the prejudice incurred by Liberty Mutual in its effort to prepare for trial is irreversible. *See, e.g.,* ECIMOS, LLC v. Nortek Global HVAC, LLC, 736 Fed.

---

[4] It is also notable that the deadline for the parties' final witness lists is November 20, 2020 (*Docket No. 85*), but that Liberty Mutual still has not even received basic information such as the names and addresses of the defendants' current and former employees that it may want to list as witnesses, much less had an opportunity to schedule and conduct depositions of those witnesses.

Appx. 577, 582 (6th Cir. 2018) (holding that forcing a party to incur unnecessary expenses is alone sufficient to justify case-terminating sanctions).

## IV. CONCLUSION

The defendants' response to Liberty Mutual's motion for contempt is another transparent attempt to delay and continue their tactic of intentional non-compliance with the Court's clear and unambiguous Orders. This must not be permitted. Liberty Mutual has made every reasonable effort to obtain the discovery to which it is entitled. Rather than comply with the Court's several Orders, the defendants have ignored and violated all, seriously prejudicing Liberty Mutual thereby. For these reasons, this Court must find the defendants are in contempt of court and must enter sanctions, including the entry of default judgment.

                                                Respectfully Submitted,

                                                SMITH & BRINK

                                                */s/ Jacquelyn A. McEttrick*

                                                _____
Nathan A. Tilden (P76969)
ntilden@smithbrink.com
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
Andrew H. DeNinno
adeninno@smithbrink.com
350 Granite Street, Suite 2204
Braintree, MA  02184
617-770-2214 (phone)

38777 Six Mile Road, Suite 314
Livonia, MI  48152

Dated:  October 7, 2020                        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Jacquelyn A. McEttrick, counsel for plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, and Safeco Insurance Company of Illinois, hereby certify that on October 7, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

SMITH & BRINK

*/s/ Jacquelyn A. McEttrick*
_____
Jacquelyn A. McEttrick
jmcettrick@smithbrink.com
350 Granite St., Suite 2204
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000