UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, *et al.*, <br><br>Plaintiffs,<br><br>v.<br><br>NEXTGEN PAIN ASSOCIATES AND REHABILITATION LLC, *et al.*,<br><br>Defendants. | Case No. 19-12648<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON PLAINTIFFS'
POST-JUDGMENT MOTION FOR CONTEMPT (ECF NO. 192)**

## I.   Introduction

Plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, and Safeco Insurance Company of Illinois (Liberty Mutual) sued various defendants—including Abdul Baydoun—for insurance fraud. ECF No. 12. Post-judgment, Liberty Mutual moves for contempt because Baydoun did not appear at a deposition; to compel him to appear for deposition testimony; and for costs and fees incurred in relation to the motion. ECF No. 192.

The Honorable Bernard A. Friedman referred the motion to the undersigned to prepare a report and recommendation.  ECF No. 195.  This Court lacks jurisdiction to enter an order of contempt unless it is exercising consent jurisdiction under § 636(c).  *See Faison v. State Farm Fire & Cas. Co.*, No. 13-CV-15014, 2015 WL 4274882, at *1 (E.D. Mich. June 18, 2015), *adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015).  When addressing motions for contempt, the limited procedure this Court may follow is described in § 636(e)(6)(B).

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The Court recommends that Judge Friedman order Baydoun to show cause why he should not be held in contempt for failing to obey subpoenaed and noticed depositions.

II.   Analysis

Federal Rule of Civil Procedure 45(g) says that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  A court's discretion to find

2

contempt "should not be used lightly." *Faison*, 2015 WL 4274882, at *2 (quoting *Elec. Workers Pension Trust Fund of Loc. Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003)). Liberty Mutual bears the burden of showing by clear and convincing evidence that Baydoun failed to comply with the subpoenas. *Id.* at *2; *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Liberty Mutual has met that burden based on the following certified facts:

1. In July 2023, the Court entered judgment for Liberty Mutual and against Baydoun in the amount of $110,527.32 plus all costs, attorney's fees, and pre- and post-judgment interest. ECF No. 143, PageID.4087.

2. Liberty Mutual says that in an attempt to collect on its judgment, it pursued post-judgment discovery to identify Baydoun's assets that could satisfy the judgment. ECF No. 192, PageID.4164.

3. On November 4, 2022, Liberty Mutual served Baydoun's counsel of record, Michael Cafferty, a notice of deposition for Baydoun to appear on November 30, 2022. ECF No. 192-2.

3

4. That same day, Liberty Mutual's counsel emailed Cafferty about the notices and said to let him know if the date and times did not work.  ECF No. 192-3, PageID.4182.

5. On November 28, 2022—two days before the deposition—Cafferty responded that the depositions "need to be rescheduled" and that he was "not 100% sure that [he] will be representing [Baydoun] in post-judgment proceedings."  *Id.*

6. That day, Liberty Mutual served a new notice of deposition and issued a subpoena for Baydoun to testify on January 19, 2023.  ECF No. 192-4; ECF No. 192-5.

7. The deposition subpoena was served on Baydoun on January 4, 2023.  ECF No. 192-6, PageID.4192.

8. On January 17, 2023, Liberty Mutual emailed Cafferty to confirm that the deposition was proceeding.  ECF No. 192-7, PageID.4195.

9. The day before the deposition, Cafferty responded that Baydoun "needs to reschedule this deposition due to a scheduling conflict," and Cafferty said that he was "not sure if [he] will represent [Baydoun] at the dep."  *Id.*, PageID.4194.

10. Liberty Mutual agreed to adjourn the deposition and reschedule, telling Cafferty that the subpoena and notice "will not be re-served via process server since everyone agrees that the first subpoena was served and this accommodation is being made at the witness's request." *Id.*

11. On January 18, 2023, Liberty Mutual served on Cafferty a new subpoena and notice of deposition for Baydoun to appear on February 13, 2023. ECF No. 192-8; ECF No. 192-9.

12. The day of the deposition, Cafferty notified Liberty Mutual that Baydoun was unavailable because of a conflicting court hearing. ECF No. 192-10, PageID.4205.

13. Liberty Mutual says that it then attempted to "reach a settlement that would obviate the need for Baydoun's deposition." ECF No. 192, PageID.4167. Emails from February through early May 2023 show that the parties actively discussed a proposed settlement agreement. ECF No. 192-13, PageID.4216-4218.

14. Despite emailing Cafferty several times in May about updates on Baydoun signing the proposed settlement agreement, Liberty Mutual received no response. *Id.*, PageID.4216.

15. On May 23, 2023, Liberty Mutual served on Cafferty a new subpoena and notice of deposition for Baydoun to appear on June 27, 2023. ECF No. 192-11; ECF No. 192-12.

16. On June 15, 2023, Liberty Mutual emailed Cafferty about the upcoming deposition, hoping that they "can just get a signed agreement instead." ECF No. 192-13, PageID.4216.

17. The day before the deposition, Liberty Mutual told Cafferty that the deposition would need to be on Zoom and twice asked him to confirm that he would convey the information and Zoom link to Baydoun, "[his] client." ECF No. 192-14, PageID.4222. Cafferty confirmed but said that he would not be attending. ECF No. 192-15, PageID.4224.

18. That day, Cafferty forwarded Baydoun the Zoom information and told him that he "will not be attending." ECF No. 193-3, PageID.4235.

19. Baydoun failed to appear for the deposition on June 27, 2023.  ECF No. 192, PageID.4167; ECF No. 193, PageID.4228.

20. Liberty Mutual then moved to hold Baydoun in contempt for failing to appear for the deposition and to compel him to appear for one.  ECF No. 192.

21. Cafferty responded, stating that Baydoun "indicated…that he did not see the email on time and that he was unaware of the deposition." ECF No. 193, PageID.4228.  He does not contest that Liberty Mutual is entitled to take Baydoun's deposition.

22. Cafferty also said that post-judgment, his appearance was terminated under the local rules, but he continued to "serve as an intermediary" between Liberty Mutual and Baydoun. ECF No. 193, PageID.4226.  And he requested that Liberty Mutual communicate directly with Baydoun at a provided email address.  *Id.*, PageID.4228.

23. Liberty Mutual replied, reiterating its position that the Court should hold Baydoun in contempt, compel him to appear for

deposition, and award costs and fees in bringing the motion.

ECF No. 194.

Because Liberty Mutual has met its burden, the onus shifts to Baydoun to "demonstrate that [he] was unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379.

### III.   Conclusion

Because of the above certified facts, the Court **RECOMMENDS** that Baydoun be ordered to appear before Judge Friedman to show cause why he should not be held in civil contempt for failure to appear for the subpoenaed and noticed deposition.  And because defense counsel does not contest that Liberty Mutual can take Baydoun's deposition, the Court **RECOMMENDS** Baydoun be compelled to sit for a deposition.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 9, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2023.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager